## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

ROGER DALE JOHNSON,

      Petitioner,

v.                                        Civil Action No. 3:08cv560

GENE JOHNSON,

      Respondent.

### MEMORANDUM OPINION

Petitioner Roger Dale Johnson, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Johnson challenges his conviction of three counts of distribution of cocaine, and resulting sentence. He raises four grounds for relief in his Petition:

| | |
|---|---|
| Claim One: | Ineffective assistance of counsel. Petitioner alleges that his attorney, James Broccoletti, failed to challenge incorrectly prepared Sentencing Guidelines, prejudicing Petitioner by a resulting longer sentence and inability to pursue the claim on appeal because it had not been preserved. (Pet. 6 & Attach. 2.) |
| Claim Two: | Due Process violation. Petitioner alleges that the trial court committed plain error in applying improperly prepared Sentencing Guidelines, which affected his eligibility for placement in a community-based program. (Pet. 7 & Attach. 4.) |
| Claim Three: | Prejudice as a result of ineffective assistance of counsel and violations of due process. (Pet. 9.) |

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

> (a)     "Petitioner was prejudiced as result of ineffective assistance of counsel." Petitioner alleges that, had his counsel objected in court, he would not have been convicted of the wrong crime, and suffered a longer sentence as a result. (Pet. Attach. 5.)
>
> (b)     "Petitioner was prejudiced as result of errors committed by an officer of the court." Petitioner alleges that an officer of the court, Mr. Crim, erroneously completed Petitioner's Sentencing Guidelines, causing the judge to sentence him to a sentence "almost 3 times that of the crime convicted of." (Pet. Attach. 6.)
>
> (c)     "Petitioner was prejudiced as a result of the Court's decision and proved by the Court's statements." Petitioner alleges that the trial court pronounced at Petitioner's sentencing that it intended to sentence him within the guidelines. Petitioner urges that the correct guideline resulted in a mid-range sentence of two years, eight months, not the seven years, one month mid-range sentence used by the trial court. (Pet. Attach. 7.)

Claim Four:   "Fifth Amendment violation, arbitrarily depriving me of life and liberty."[2] (Pet. 11.) Petitioner alleges that he is "now being held beyond what the law called for and the time I should have received." (Pet. Attach. 8.)

Respondent filed a Rule 5 Answer and Motion to Dismiss (Docket Nos. 5, 6), and provided

Petitioner appropriate *Roseboro*[3] notice. (Docket No. 7.) Petitioner has responded (Docket

No. 10), and the matter is ripe for adjudication. The Court exercises jurisdiction pursuant to 28

U.S.C. §§ 636(c) and 2254. For the reasons stated below, Respondent's Motion to Dismiss will

be GRANTED.

## I. Procedural History

Following a bench trial, the Circuit Court for Accomack County ("Circuit Court")

convicted Johnson of three counts of distribution of cocaine, in violation of Va. Code § 18.2-248.

---

[2] The Fifth Amendment states in pertinent part: "No person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

On February 22, 2007, the Circuit Court entered final judgment and sentenced Johnson to a term of incarceration of ten years on each count, with seven and a half years suspended on each, to be served consecutively. This resulted in a total active sentence of seven years, six months. This sentence fell within the statutory maximum, and near the mid-range of the advisory sentencing guidelines. (Respt.'s Br. Supp. Rule 5 Answer and Mot. Dismiss ("Respt.'s Br.") Ex. E, Feb. 22, 2007 Sentencing Hr'g Tr. 34.)

Johnson pursued direct appeal, challenging the sufficiency of the evidence to support his three convictions for distribution of cocaine. The Court of Appeals of Virginia denied his petition for appeal on September 6, 2007. (Respt.'s Br. Ex. A.) (Docket No. 8.) The Supreme Court of Virginia refused Johnson's petition for appeal on January 3, 2008. (Respt.'s Br. Ex. B.)

On November 29, 2007, Johnson filed a petition for a writ of habeas corpus in the Circuit Court, raising the following claims, verbatim:

> (1)     Violation of Due Process and clerical error. Guidelines were
>         prepared with the incorrect Va. Crime Code Reference and other
>         errors resulting in a sentence almost 3 times that of the offence
>         [sic] convicted of.
>
> (2)     Ineffective Assistance of Counsel, Sixth Amendment violation.
>         My Attorney knew of this [alleged error in the prepared guidelines]
>         prior to sentencing and did not dispute, argue or object to in Court
>         to preserve.
>
> (3)     Prejudice as a result. A sentence 4yrs, 10mos over the crime
>         committed.

(Pet. 4.) The Circuit Court found all of Johnson's claims to lack merit. *Johnson v. Johnson,* Case No. CL07-540 (Va. Cir. Feb. 22, 2008) ("Feb. 22, 2008 Va. Cir. Op."). Specifically, the Circuit Court determined that Petitioner could not satisfy either the "performance" or "prejudice"

3

prongs of the test for ineffective assistance of counsel found in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 2. The Circuit Court found that Johnson's Due Process challenge to the calculation of his sentence under the sentencing guidelines was not cognizable in a habeas proceeding. *Id.* at 3. The Supreme Court of Virginia refused Johnson's petition for appeal of the Circuit Court's decision. *Johnson v. Johnson*, Record No. 080796 (Va. Aug. 13, 2008).

On August 22, 2008, Johnson timely filed the instant federal petition for a writ of habeas corpus.

## II. Standard of Review

A federal court may grant habeas relief under 28 U.S.C. § 2254 only if state court proceedings resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or if the state court based its decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In reviewing the decision of a state court, the state court's determination of factual issues shall be presumed to be correct, and "[t]he applicant shall have

4

the burden of rebutting the presumption of correctness by clear and convincing evidence." 28

U.S.C. § 2254(e)(1).

### III. Analysis

Respondent contends that Claims 3(a) and 4 are procedurally defaulted, and that Claims

1, 2, 3(b), and 3(c) fail on the merits. The Court finds that Claim 4 is procedurally defaulted.

However, a review of the record indicates that Claim 3(a), which alleges prejudice as a result of

counsel's allegedly ineffective assistance with regard to challenging Petitioner's sentencing

guidelines, flows from the same facts as Claim 1, which alleges ineffective assistance of counsel.

Because Johnson presented this ineffective assistance claim in his state habeas petition, the Court

declines to find Claim 3(a) procedurally defaulted. Thus, the Court reviews Claims 1, 2, and 3

on the merits under the applicable standard of review.[4]

### A.    Claim 4: Exhaustion and Procedural Default

Petitioner brings a Fifth Amendment claim in this habeas petition without having

presented the claim to the Supreme Court of Virginia. "In the interest of giving the state courts

---

[4] Claim 2 of Petitioner's federal petition, alleging a Due Process violation, is substantially the same as Claim 1 of Petitioner's state petition. Claim 1 of Petitioner's federal petition, alleging ineffective assistance of counsel for failure to object to the sentencing guidelines and preserve the issue for appeal, is substantially the same as Claim 2 of Petitioner's state petition. *Cf. Beck v. Angelone*, 173 F. Supp. 2d 461, 482 (E.D. Va. 2000) (holding federal claim unexhausted where it relied on a different factual predicate than similar state habeas claim).

    Claim 3 of both the state and federal habeas petitions alleged prejudice as a result of the alleged ineffective assistance of counsel, and in neither instance stated a separate ground for relief because prejudice constitutes an element that must be proven in order to succeed on an ineffective assistance of counsel claim. Nevertheless, Petitioner exhausted Claim 3 because that claim relies on the same factual predicates of Claims 1 and 2 of the federal habeas petition. Even accepting Respondent's contention that Petitioner failed to exhaust Claim 3(a) (Respt.'s Br. 9), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)). Petitioner exhausted Claims 1, 2, and 3 by presenting ineffective assistance and due process claims to the Supreme Court of Virginia in his appeal of the Circuit Court's dismissal of his state habeas petition.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A state rule is adequate if it is firmly established, and regularly and consistently applied by the state court, and is independent if it does not depend[] on a federal constitutional ruling." *Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999) (internal quotations and citations omitted) (alteration in original). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a

6

fundamental miscarriage of justice, principles of federalism and comity preclude this Court from reviewing the merits of a defaulted claim. *See Harris v. Reed,* 489 U.S. 255, 262 (1989).

Petitioner concedes that he failed to exhaust Claim 4 of the instant petition, which alleges a Fifth Amendment due process violation. (Pet'r Br. Opp'n Respt.'s Mot. Dismiss 4.) Petitioner never presented his claim of a Fifth Amendment violation to the Supreme Court of Virginia. Because he would now be barred from doing so, pursuant to Va. Code § 8.01-654(B)(2),[5] Claim 4 is procedurally defaulted. Johnson makes no valid argument establishing cause or prejudice.[6] Accordingly, Claim 4 will be DISMISSED.

### B.    Claims 1 and 3(a):  Ineffective Assistance of Counsel

Claims 1 and 3(a) allege ineffective assistance of counsel.  To prove a constitutional claim for ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation was deficient and that actual prejudice stemmed from the deficiency. *Strickland,* 466 U.S. at 687.  Proving deficient representation "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  That is, a petitioner must show that counsel's performance at trial "'fell below an objective standard of reasonableness' based on the situation at the time rather than on hindsight." *Buckner v. Polk,* 453 F.3d 195, 201 (4th Cir. 2006) (*quoting Strickland,* 466 U.S. at

---

[5] "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code § 8.01-654(B)(2). Petitioner's other claims make clear that he has believed that the trial court used incorrectly computed sentencing guidelines since the time of his sentencing, and thus knew of the facts predicating Claim 4 at the time he filed his state habeas petition.

[6] Petitioner's argument that he "expected these issues to have been corrected by a reasonable court by now, so Claim 4 has not been an issue with grounds, until now," fails as a basis for excusing his default. (Pet'r Br. Opp'n Respt.'s Mot. Dismiss 12.)

688).  This Court's review of counsel's performance must be highly deferential, indulging "a

strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance."  *Strickland*, 466 U.S. at 689.  Proving prejudice "requires showing that counsel's

errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Id.* at 687.  Put differently, a petitioner must demonstrate that "there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different."  *Id.* at 694.

  Johnson argues in Claim 1 that counsel ineffectively failed to object to and preserve for

appeal errors in the Petitioner's sentencing guidelines.  Claim 3(a) asserts that Petitioner suffered

prejudice as a result of counsel's deficient performance in the form of a longer sentence than he

would have otherwise received.

  On habeas review, the Circuit Court considered Johnson's claim that his trial counsel was

ineffective for failing to challenge the alleged errors in the sentencing guidelines (presented here

as Claims 1 and 3(a)) and, applying *Strickland*, found that Petitioner could show neither deficient

performance nor prejudice.  Relying on an affidavit from Petitioner's trial counsel, the Circuit

Court determined that counsel had in fact contacted the probation officer and argued that the

sentencing guidelines were calculated improperly.  (Feb. 22, 2008 Va. Cir. Op. at 2.)  Counsel

argued that Johnson should not be considered a repeat offender.  (*Id.*)  This contact addressed

Johnson's concern that his sentencing guidelines were calculated using Virginia Crime Code

Reference NAR-3038-F9 rather than NAR-3042-F9.[7]  (Pet. Attach. 2.)  Counsel's letter to the

---

[7] Va. Crime Code Reference NAR-3042-F9 is the applicable criminal code reference for the crime of distribution of Schedule I or II drugs, and carries a penalty range of five to forty years of imprisonment. Va. Crime Code Reference NAR-3038-F9 applies to subsequent offenses of the crime of distribution of Schedule I or II drugs, and carries a penalty range of five years to

8

probation officer who prepared the guidelines stated that Johnson's criminal history revealed only one prior conviction for distribution of a Schedule I or II drug, for possession with intent to distribute LSD in 1982.[8] (Respt.'s Br. Ex. F (Dec. 21, 2006 Letter from James Broccoletti to Glenn Crim).) The probation officer responded that this issue had been raised before the trial court previously and overruled. (Feb. 22, 2008 Va. Cir. Op. at 3; Respt.'s Br. Ex. F (Jan. 16, 2007 Letter from Glenn Crim to James Broccoletti).) Therefore, counsel did not raise the issue again before the trial court at sentencing. (Feb. 22, 2008 Va. Cir. Op. at 3; Respt.'s Br. Ex. F (Broccoletti Aff.) at 2.)

The evidence in the record demonstrates that Johnson had one prior distribution conviction. His sentencing guidelines calculated two of the three distribution convictions before the Circuit Court at trial as third or subsequent offenses. (Pet. Ex. 5.) *See Mason v. Commonwealth*, 430 S.E.2d 543, 544 (Va. App. 1993) ("[A]n enhanced punishment may be applied where there are multiple convictions for separate offenses in a simultaneous prosecution."). On habeas review, the Circuit Court specifically found that counsel was not ineffective for deciding not to resubmit the issue of Johnson's subsequent offender status when the probation officer who prepared the guidelines advised counsel that the issue had been

---

life imprisonment. The Circuit Court's Sentencing Order cites Va. Crime Code Reference NAR-3042-F9. (Pet. Ex. 1.) The sentencing guidelines, and all remaining aspects of the record, apply NAR-3038-F9, resulting in the higher guideline range about which Petitioner complains. (Pet. Ex. 4.) For reasons discussed herein, the Circuit Court's reference to the more general sentencing provision does not give rise to the habeas relief Petitioner seeks.

[8] Johnson confirmed to the Circuit Court during sentencing that he had been convicted in 1982 of possession with intent to distribute LSD and sentenced to seven years in the penitentiary. (Respt.'s Br. Ex. E, Feb. 22, 2007 Sentencing Hr'g Tr. 24:3-8.)

previously raised before the Circuit Court and overruled.[9] (Feb. 22, 2008 Va. Cir. Op. at 3.)

Moreover, the Circuit Court found that Johnson could not meet his burden of showing prejudice

because a court's application of the sentencing guidelines is purely discretionary and statutorily

excluded from habeas review under Va. Code § 19.2-298.01(F).[10] (Feb. 22, 2008 Va. Cir. Op. at

3.) The Supreme Court of Virginia found no reversible error by the Circuit Court in refusing

Johnson's petition for appeal. *Johnson v. Johnson*, Record No. 080796 (Va. Aug. 13, 2008).

Petitioner was convicted of three counts of distribution of cocaine in violation of section

18.2-248(A) of the Virginia Code. The penalty provision for that crime was set forth in § 18.2-

248(C), which provided, in pertinent part that:

> Except as provided in subsection C1, any person who violates this section with
> respect to a controlled substance classified in Schedule I or II shall upon conviction
> be imprisoned for not less than five nor more than 40 years and fined not more than
> $500,000. Upon a second or subsequent conviction of such a violation, any such
> person may, in the discretion of the court or jury imposing the sentence, be sentenced
> to imprisonment for life or for any period not less than five years and be fined not
> more than $500,000.

Va. Code § 18.2-248(C) (West 2006). Because, prior to the instant convictions, Petitioner had

been convicted of a violation of § 18.2-248, he was subject to enhanced penalty provisions set

---

[9] Mr. Crim's January 18, 2007 letter to Mr. Broccoletti advised:

> With regards to the Sentencing Guidelines prepared in this case, I feel it was
> prepared correctly. The current offenses are subsequent offenses to Mr. Johnson's
> prior LSD conviction in 1982 in Portsmouth, Virginia. Your question has been
> previously raised in our Court regarding this issue, and the Court has ruled the
> guideline was prepared correctly.

(Resp't.'s Br. Ex. F (Jan. 16, 2007 Letter from Glenn Crim to James Broccoletti).)

[10] "The failure to follow any or all of the provisions of [the sentencing guidelines] . . . in
the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction
relief." Va. Code § 19.2-298.01(F).

forth in § 18.2-248(C). At the heart of Petitioner's current habeas petition is his belief that for

sentencing purposes the Circuit Court could not treat his three counts of distribution of cocaine

as subsequent offenses of distribution with a resulting higher recommended sentence under

Virginia's advisory sentencing guidelines. Petitioner apparently believes that in order to be

sentenced as a recidivist under 18.2-248(C), he had to be charged and convicted as such in the

Circuit Court.

Petitioner is wrong. *See Able v. Commonwealth*, 431 S.E.2d 337, 550 (Va. Ct. App.

1993) (concluding there is "no requirement in Code § 18.2-248 that the indictment must state

that the offense charged is a 'second or subsequent offense' to which the enhanced penalty

provision may apply"). "While some recidivist statutes include proof of a prior conviction as an

element of the offense, thereby requiring the indictment to state that the offense is charged as a

second offense, no such requirement is specified in Code § 18.2-248. Proof [at sentencing] that

the accused has two convictions subjects him to an enhanced punishment." *Id.* (internal citation

omitted); *cf. United States v. Thompson*, 421 F.3d 278, 285-86 (4th Cir. 2005) (affirming

defendant's conviction under the Armed Career Criminal Act and noting that the fact and nature

of prior offenses are inherent in the convictions, so that the government need not allege such

prior convictions in the indictment or prove them to a jury). Thus, Petitioner was convicted and

sentenced only for the crimes to which he pled guilty, three counts of distribution of cocaine.

The fact that such offenses were deemed to be subsequent offenses for sentencing did not serve

to transform these offenses into new or separate offenses. *Almendarez-Torres v. United States*,

523 U.S. 224, 226-27 (1998).

11

This Court has reviewed trial counsel's affidavit and accompanying letter to the probation officer challenging the guidelines (Respt.'s Br. Ex. F), and concludes that the *Strickland* analysis by the Circuit Court did not result in a decision contrary to, nor involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). Nor did the Circuit Court's decision rest on an unreasonable determination of facts in light of the evidence. *Id.* § 2254(d)(2). Petitioner therefore has not demonstrated entitlement to federal habeas relief on Claims 1 and 3(a). Claims 1 and 3(a) will be DISMISSED.

C.      **Claims 2, 3(b), and 3(c):  Due Process Violation**

Petitioner argues in Claim 2 that the erroneous preparation of his sentencing guidelines and subsequent utilization of those guidelines by the trial court violated his right to Due Process.[11] Claims 3(b) and 3(c) state that he suffered prejudice from this alleged violation because the trial court imposed a longer sentence than would otherwise have been available absent the purported error.

The Circuit Court considered Johnson's Due Process claim in the state habeas proceedings. In addressing Petitioner's claim that the guidelines used the wrong Virginia Criminal Code, the Circuit Court held that his due process challenge to the sentencing guidelines in his case was not cognizable on habeas review because counsel *had* challenged the guidelines, and because the guidelines themselves are purely discretionary. (Feb. 22, 2008 Va. Cir. Op. at 3, *citing* Va. Code § 19.2-298.01(F).) The Circuit Court further determined that Petitioner's argument (presented here as Claim 2) "that improperly calculated guidelines affected [his] placement in a community-based program" (Pet. Attach. 4) lacked merit. In reaching this

---

[11] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

conclusion, the trial court relied on its statement at sentencing that Petitioner's lengthy criminal record precluded recommendation for a community-based program. (Feb. 22, 2008 Va. Cir. Op. at 3-4; *see also* Feb. 22, 2007 Sentencing Hr'g Tr. 32:6-16.)

Claims 2, 3(b), and 3(c) rest on an interpretation of the Virginia law and statutes regarding the discretionary sentencing guidelines. This Court lacks jurisdiction on federal habeas to review a claim that implicates no federal rights. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Billotti v. Legursky*, 975 F.2d 113, 119 (4th Cir. 1992) (*quoting Engle v. Isaac*, 456 U.S. 107, 119 (1982)). Principles of comity and federalism preclude federal habeas review involving reexamination of "state-court determinations on state law questions."[12] *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 483 (E.D. Va. 2005).

The "interpretation of state sentences" is an example of state law determination not subject to federal habeas review. *Perkins v. Peyton*, 369 F.2d 590, 591-92 (4th Cir. 1966). This Court previously dismissed a claim challenging the application of Virginia's discretionary sentencing guideline for lack of habeas jurisdiction. *Slavek*, 359 F. Supp 2d at 483. A challenge to Virginia's discretionary sentencing guidelines does not involve an evaluation of the Constitution or laws of the United States. Thus, Claims 2, 3(b), and 3(c) fail to implicate a

---

[12] In *Perkins*, the United States Court of Appeals for the Fourth Circuit noted that in certain "extraordinary circumstances," "judicial acceptance of strained and unreasonable administrative [sentencing] determinations involves federal as well as state questions." 369 F.2d at 592. The Court cannot find that such extraordinary circumstances exist before it.

federal right and do not give rise to federal habeas jurisdiction. *Slavek*, 359 F. Supp. 2d at 484; *cf. Tunstall v. Commonwealth*, No. 0725-08-2, 2009 WL 302253 (Va. Ct. App. Feb. 10, 2009) (finding no due process right to appellate or postconviction review of sentence within statutory maximum).

Accordingly, these claims are not entitled to federal habeas review. *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *see also Estelle*, 502 U.S. at 67-68. Even if the claims were cognizable in federal habeas, the Circuit Court's dismissal of Petitioner's Due Process claims, affirmed by the Supreme Court of Virginia, would withstand the deferential review prescribed under 28 U.S.C. § 2254(d). Claims 2, 3(b), and 3(c) will be DISMISSED.

## IV. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss will be GRANTED. The Petition will be DISMISSED.

An appropriate Order shall issue.

                                               /s/
                                        M. Hannah Lauck
                                   United States Magistrate Judge

Richmond, Virginia
Date: 8/5/09

14